**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4953**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JACKIE LEE RATTLER,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Martin K. Reidinger, District Judge.  (2:13-cr-00012-MR-DLH-1)

_____

Submitted:  February 25, 2016     Decided:  February 29, 2016

_____

Before SHEDD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

David G. Belser, BELSER & PARKE, Asheville, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jackie Lee Rattler pled guilty, pursuant to a plea agreement, to six counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (2012), and one count of possession of firearms by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (2012). The district court sentenced Rattler to a total of 108 months' imprisonment. On appeal, Rattler argues that counsel provided ineffective assistance by inaccurately advising him about his sentencing exposure, failing to meet and consult with him, and failing to timely object to the presentence report and adequately argue Rattler's position at sentencing.

We decline to reach Rattler's claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish that counsel provided ineffective assistance to Rattler, we conclude that these claims should be raised, if at all, in a § 2255 motion.

2

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED